UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    |
UNITED STATES OF AMERICA,           |
                                    |
        v.                          |
                                    |    04 Cr. 1353 (KMW)
FATIMA HENRIQUEZ DIAZ,              |    OPINION AND ORDER
                                    |
        Defendant.                  |
                                    |
------------------------------------X

KIMBA M. WOOD, U.S.D.J.:

On September 12, 2008, the Court denied Defendant Fatima Henriquez Diaz's ("Defendant") oral motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 (the "Rule 29 Motion"). Defendant argued that under Cuellar v. United States, 128 S. Ct. 1994, 170 L. Ed. 2d 942 (2008) ("Cuellar"), the evidence presented at trial was insufficient to sustain a conviction under 18 U.S.C. § 1956(a)(1)(B)(i). The Court ruled on the record that this argument lacked merit. This Order explains the reasoning underlying the Court's ruling.

In Cuellar, the Supreme Court of the United States held that the concealment element of 18 U.S.C. § 1956 requires that "the purpose - not merely [the] effect - of the transportation [must be] to conceal or disguise" the nature, location, source, ownership, or control of the proceeds at issue.[1] 128 S. Ct. at

---

[1] In Cuellar, the defendant was charged with a violation of 18 U.S.C. § 1956(a)(2)(B)(i), which criminalizes the transportation of funds derived from unlawful activities. In this case, Defendant was charged with a violation of 18 U.S.C. § 1956(a)(1)(B)(i), which criminalizes transactions involving funds derived from unlawful

1

2005 (emphasis added). The Supreme Court held that this concealment purpose cannot be established if (1) the Government relies only on "evidence that a defendant concealed the funds" during the transactions at issue, id. at 2006; or (2) the sole purpose of the transactions was to compensate the leaders of an underlying narcotics enterprise, id. at 2005 n.7. Under this standard, the Supreme Court found that a conviction could not stand where the only evidence presented at trial showed that "money was concealed in a hidden compartment of the defendant's vehicle, animal hair was spread throughout the rear of the car, and typically in drug smuggling operations a large sum of money is returned to Mexico in order to compensate the leaders of the operation." Mercedes, 2008 U.S. App. LEXIS 14856, at *4 (citing Cuellar, 128 S. Ct. 2004-05). Such evidence failed to "demonstrate that the defendant did [anything] more than merely hide the money during its transport." Cuellar, 128 S. Ct. at 1997.

Defendant here argued that the Government presented insufficient evidence at trial to satisfy the concealment purpose. Specifically, Defendant argued that (1) any concealment

---

activities. "Despite the differences in the two statutes, 'the relevant concealment language is identical for both provisions,' and [the Second Circuit] has interpreted the concealment element of both statutes identically." United States v. Mercedes, No. 06-5805-cr, 2008 U.S. App. LEXIS 14856, at *3 n.3 (2d Cir. July 10, 2008) (quoting United States v. Ness, 466 F.3d 79, 82 n.1 (2d Cir. 2006)) (summary order). Accordingly, the Court applies the concealment standard articulated in Cuellar to this case.

2

merely facilitated the transactions at issue, and (2) the only purpose of the transactions was to repatriate the narcotics proceeds to the Dominican Republic to compensate the leaders of the alleged narcotics conspiracy.

In response, the Government argued that the evidence presented at trial met a higher burden than that required by Cuellar.[2]  Specifically, the Government argued that the bank records admitted in evidence reveal an effort to make the wealth appear legitimate and to make that wealth appear to be connected to "the apparently legitimate business of Fine Quality Shipping." The Government thus argued that not only did it prove beyond a reasonable doubt that concealment was a purpose of the transactions, but also that creating the appearance of legitimate wealth was a purpose of the transactions.

The Court finds that the bank records presented at trial permitted a reasonable jury to infer that one of Defendant's purposes was to conceal or disguise the nature, location, source, ownership, or control of narcotics proceeds.  The bank records established, inter alia, that (1) Defendant created the Fine Quality Shipping account; (2) transactions in that account occurred in temporal proximity to the charged money laundering conspiracy; (3) money was deposited in the Fine Quality Shipping

---

[2] In Cuellar, the Supreme Court held that the concealment purpose does not require proof that a defendant attempted to create the appearance of legitimate wealth.  128 S. Ct. at 2001-02 & 2006.

3

account from a variety of sources, including sources under Defendant's control; and (4) only two transfers of money were made from the Fine Quality Shipping account, both to payees in the Dominican Republic. Based on these records, a reasonable jury could find a sophisticated and complex financial scheme intended to do more than simply send money from New York City to the Dominican Republic undetected by law enforcement authorities. A reasonable jury could find that concealment was a purpose of the transactions.[3] Accordingly, this case is distinguishable from Cuellar. See Mercedes, 2008 U.S. App. LEXIS 14856, at *4-6; United States v. Ness, No. 01 Cr. 699, 2008 U.S. Dist. LEXIS 62380, at *14-15 (S.D.N.Y. Aug. 15, 2008). The Court thus denied Defendant's Rule 29 motion.

SO ORDERED.

Dated: New York, New York
September 26, 2008

                                         Kimba M. Wood
                                   United States District Judge

---

[3] The Court does not reach the Government's argument that the bank records presented at trial prove beyond a reasonable doubt that one of Defendant's purposes was to create the appearance of legitimate wealth.

4